CHURCH v. FOLEY.

1. In replevin of goods from a sheriff, the complaint alleged that plaintiff, on authority of the directors of a bank named, to secure a certain claim due said bank from one R., purchased from him the goods in question ; that he had full right to buy and dispose of said goods; that he was entitled to possession; and that on a certain day defendant seized and carried away said goods, and still has and detains the same, etc. *Held* to show that he was the legal owner entitled to bring the action.

2. Such complaint did not show that the bank was a necessary party plaintiff.

3. The evidence showed that plaintiff was cashier of such bank; that he purchased the goods in his own name, and took a bill of sale in his own name; and that he paid for the goods by surrendering to R. a note he owed the bank, giving him a certificate of deposit for $750 on the bank, and paying some claims against R. There was also evidence that plaintiff took immediate possession, and was in possession, by his agent, when defendant seized them. *Held*, that the evidence supported a recovery by plaintiff.

4. Where both parties move for the direction of a verdict, and there is evidence to sustain the verdict as directed, the decision of the court will not be reviewed, though the evidence is conflicting.

5. A debtor, whether in failing circumstances or not, may use his assets to pay one or more of his creditors.

(Opinion filed June 16, 1897.)

Appeal from circuit court, Codington county.   Hon. J. O. ANDREWS, Judge.

Action in claim and delivery.   The court directed a verdict for plaintiff, and from a judgment entered thereon defendant appeals.   Affirmed.

The facts are stated in the opinion.

*W. S. Glass* and *John B. Hanten*, for appellant.

The complaint does not state facts sufficient to constitute a cause of action.   Cobbey, Repl. § 12; § 568; Draper v. Ellis, 12 Ia. 316; Willis v. DeWitt, 3 S. D. 281, 52 N. W. 1090; Staley etc. Co. v. Wallis, 21 Mo. App., 128; Hines v. Chambers, 11 N. W. 129.

*George W. Case* and *C. X. Seward*, for respondent.

The amended complaint is sufficient.   "Actual possession of property accompanied by an equitable interest in the plaintiff, at the time of the seizure thereof by an officer, is sufficient to maintain the action of replevin and entitles plaintiff to a return of the property."   Frost v. Mott, 34 N. Y. 253; Stowell v. Otis, 71 Id. 36; Odd Fellows etc. Ass'n v. McAlister, 11 L. R. A., 172.   See also Tandler v. Saunders, 22 N. W. 27; Johnson v. Carnley, 61 Am. Dec. 762; Hakanson v. Brodke, 53 N. W. 1033; Anderson v. Gouldberg, 53 Id., 636.

CORSON, P. J.   This is an action in claim and delivery to recover possession of a stock of goods.   A verdict was directed for the plaintiff, and from the judgment entered thereon, and from the order denying a new trial, the defendant appeals.

A demurrer was interposed to the amended complaint in the action upon the ground that there was a defect of parties plaintiff, in that it appeared therein that the Watertown National Bank was the real party in interest, and also upon the ground that the complaint did not state facts sufficient to constitute a cause of action.   The material parts of the amended complaint are as follows:   "That on or about the 6th day of March, 1894, the plaintiff, acting upon special authority of the

board of directors of said Watertown National Bank, in order to secure a certain claim and promissory note due and owing to the said Watertown National Bank from one F. G. Rice, purchased from one F. G. Rice, a certain stock of general merchandise situated in the village of Henry, county of Codington, above named, and under and by virtue of his authority by said board of directors on him conferred. * * * That he had full right and authority to buy and sell and dispose of said stock and merchandise, and to conduct all the business pertaining thereto, in his own name, and that he was at all times entitled to the absolute and unrestricted possession of all of the property involved therein. * * * That said stock of boots and shoes was then and there worth and of the value of nine hundred dollars, ($900), and that a more specific description of the same is shown by Exhibit A. * * * On or about the 16th day of March, 1894, the defendant, then and there being and acting as such sheriff, wrongfully and unlawfully seized, took, and carried away from the possession of the plaintiff all of the stock of boots and shoes as hereinafter described, the same constituting and being the plaintiff's entire stock of boots and shoes, and a part and parcel of his said stock of general merchandise, and that said defendant still has and detains the same within the county of Codington aforesaid. * * * Wherefore plaintiff demands judgment against the defendant: First, for the return of the goods so wrongfully taken, seized and carried away by the defendant; second for the costs and disbursements of this action, and other proper relief."

As it appears that the plaintiff purchased the stock of goods in his own individual name, and was in possession of the same at the time the goods were seized by the defendant, he was the legal owner and proper person to bring this action for the possession of the same. While there is much redundant matter in the complaint that might have been properly stricken out it, it does not render the complaint defective, either as to parties

or subject-matter. It is true that it is alleged in the complaint that the bank was the equitable owner of the goods, and that the goods were paid for by the bank; but, as the goods were purchased by the plaintiff in his own name, the fact that the bank was the equitable owner did not affect the plaintiff's right to maintain the action. We are of the opinion, therefore, that the demurrer was properly overruled on both grounds.

At the close of all the evidence both parties moved for the direction of a verdict. Plaintiff's motion was granted, and the defendant's motion denied. The grounds of defendant's motion were stated at great length, and may be summarized as follows: That the evidence was insufficient to establish any cause of action in favor of the plaintiff; that the transfer from Rice to plaintiff was not followed by an immediate delivery and continued change of possession, and was, therefore, void as to creditors of Rice; that the goods were purchased by plaintiff with the agreement that plaintiff was to pay a portion of the creditors of Rice their claims against him in full, and was in effect, an assignment for the benefit of preferred creditors; that a secret trust existed between the plaintiff and Rice as to a portion of the purchase price; that Rice, at the time of the attachment, had an interest of over $1,000 in the property, and which amount was paid over to him by the plaintiff subsequent to the levy of the attachment; and, lastly, because the transfer was, in effect, a transfer of the goods to the bank, and unauthorized and void. The undisputed facts, as proven at the trial, were that in the spring of 1894 Frank G. Rice, a merchant at Henry, in Codington county, was indebted to the Watertown National Bank upon a promissory note for something over $4,000, and that the plaintiff, as cashier of said bank, was authorized by the directors of the bank to purchase the stock of goods owned by Rice, and to use said note in part payment of same. The plaintiff thereupon went to the town of Henry, and made the purchase of the goods in his own name, surrendered up to said Rice the said pomissory

note, paid some creditors of Rice, and gave a certificate of deposit upon the bank for $750. Upon this subject the plaintiff testified as follows: "On the 6th day of March, 1894, I purchased of F. G. Rice his stock of goods located at Henry for the $4,000 note and $750 in money, and I assumed three or four bills that he was owing, and on that F. G. Rice executed and delivered to me Exhibit A [a written bill of sale.] The goods I bought are the same described in Exhibit A. On the same day the goods were delivered to me by Mr. Rice. This was done by delivering to me the keys of the store. * * * I purchased and held these goods for the bank. We sold for a few weeks at private sale, and then I sold the balance of the goods in lump. A few days after I had purchased the goods, the boots and shoes were levied upon by the sheriff. This stock of boots and shoes were worth $900. I regained possession of them by replevying them in this action." On cross-examination, he testified as follows: "I cannot state the exact consideration paid for the goods, but the amount ( 4,912) inserted in the bill of sale was supposed to be the amount at the time. That amount was then supposed to be the actual consideration. The transaction was completed on the 6th day of March, 1894, so far as the delivery and partial payment of the purchase money. The entire purchase price was settled upon that day. It was in the vicinity of five thousand dollars. The note amounted to $4,160, and I paid Mr. Rice $750 in cash. I also paid three or four bills which I agreed with Mr. Rice to pay at the time I purchased the goods. I cannot state the exact amount. It was more than ninety dollars. I think it was three or four hundred dollars. I paid Mr. Rice nothing at the time of delivery of the bill of sale except to deliver his note to him. The note was the property of the Watertown National Bank, of which I was the cashier. I first talked with Mr. Rice about purchasing the goods the night before or the morning the purchase was made. Mr. Rice did not have with him the bills I agreed to pay, but stated the amount of them approximately. He did not state

the exact amount.   Mr. Rice assisted in taking the invoice of the stock after I had purchased it.   I think matters of value were referred to him.   Mr. Conn acted as my agent in taking the invoice after the purchase.   He was not in the employ of the Watertown National Bank.   *   *   *   I paid Mr. Rice $750 the last of April or the first of May.   A few days after the sale to me, Mr. Rice was employed to take charge of the sale of the goods.   This was done on the day, or the day before, the attachment, I think.   Mr. Rice came to Watertown, and the day before the attachment was levied, and I employed him that day to take charge of the business of the sale of the goods.   I did the talking and made the arrangements with Mr. Rice, but was acting as agent for the bank; and the contract, I suppose, was between Mr. Rice and the bank.   Mr. Rice was to have $50 per month for his services, and he took most of it in goods from the store.   At the settlement with him these goods were taken into account, and the balance paid him in money.   The $750 was not paid Mr. Rice by a check on the bank.   It was paid by a certificate of deposit, which I gave him.   It was not paid out of the proceeds of the goods.   The accounts against Mr. Rice that I paid, amounting to some four hundred dollars, were paid out of the proceeds of the sale of the goods.   *   *   * In satisfaction of the note I accepted the stock of goods with other considerations—$750 paid Rice.   I paid him this money in addition to the note on the day I accepted the bill of sale. Mr. Rice, myself, and Mr. Conn went to Henry.   From Watertown we went to the store, and Mr. Rice delivered me the keys of the store and the possession of the goods.   *   *   *   I then delivered the same to Mr. Conn as my agent, went and saw Mr. Whaley in regard to the matter, and on the return train came to Watertown.   I went to Henry at the time for the purpose of taking possession of the stock.   I left the goods in the possession of Mr. Conn.   He remained in charge of the goods as my agent.   No one else, as far as I was concerned personally, was left in charge of the goods.   Mr. Conn employed Mr. Petrie to

assist him. Mr. Conn was instructed by me to proceed to carry on the business of selling goods, and to take an inventory of the goods. * * * I arranged with Mr. Whaley for the use of the building when I conducted the business. The arrangements were not in writing."

The first ground of the motion on the part of the defendant for the direction of a verdict, namely, that the facts proven were not sufficient to entitle the plaintiff to recover, does not merit much consideration. As we have seen, the plaintiff purchased the goods in his own name, took a written bill of sale in his own name, and paid for the goods in the manner stated by him. There is no controversy as to the indebtedness of Rice to the bank upon the promissory note in a sum exceeding $4,-000, and which note, by consent of the bank, was given up to Rice in part payment for the goods, and that a certificate of deposit was also given him in part payment, and that bills to the amount of several hundred dollars were paid for Rice. There was also evidence tending to prove that the plaintiff took immediate possession of the goods, and was in possession, by his agent, when they were levied upon by the sheriff, and that the value of the goods taken by the sheriff was $900. Upon this evidence the plaintiff was clearly entitled to recover the possession of the goods. The rule is, when both parties move for the direction of a verdict, and there is evidence to sustain the verdict as directed, the decision of the court will not be reversed. Yankton Fire Ins. Co. v. Fremont, E. & M. V. R. Co. 7 S. D. 428, 64 N. W. 514; Grigsby v. Telegraph Co., 5 S. D. 561, 59 N. W. 734. Nor do we think there is much merit in the contention that there was a secret trust as between the plaintiff and Rice. The sale by Rice was one he had full authority under the statute to make in payment of his debt to the bank. Comp. Laws, § 4654. The question of the right of a debtor, whether in failing circumstances or not, to appropriate his assets to the payment of one or more of his creditors, was so fully considered by this court in Manufacturing Co. v. Max, 5 S. D. 125, 58 N. W. 14,

that a further discussion of the subject would seem to be unnecessary. The evident purpose of the parties to the transaction we are considering was to pay the bank note, and the balance of the purchase price of the goods seems to have been paid in good faith. The only ground of the motion for the direction of a verdict on the part of the defendant that might merit consideration is as to the sufficiency of the evidence to prove an immediate delivery of the goods and a continued change of possession. The question as to what acts, under our statute, constitute an immediate delivery and continued change of possession, was recently considered by this court in Howard v. Dwight, 8 S. D. 398, 66 N. W. 935, and needs no further discussion at this time. Upon this question, in the case at bar, there was conflicting evidence, and, had the defendant instead of, or after, moving for a direction of the verdict, requested that the case be submitted to the jury upon that question, we are inclined to the opinion that it would have been the duty of the court to have so submitted it. But, so far as the record discloses, no such request was made, and the defendant simply excepted to the ruling of the court in denying his motion and in granting the motion of the plaintiff, and he is, therefore, estopped from raising the question in this court. The rule applicable to such a case is fully discussed and decided in Yankton Fire Ins. Co. v. Fremont, E. & M. V. R. Co., *supra*, and Grigsby v. Telegraph Co., *supra*, in which it is held that when both parties move the court for a direction of a verdict, and it is granted as to one party, unless the adverse party requests that the case be submitted to the jury, he cannot raise the point on appeal in this court that there were questions for the jury. It may be proper in this case to say that the learned circuit court evidently took the view that the evidence upon the subject of an immediate delivery and continued change of possession preponderated in favor of the plaintiff, and in this view this court cannot say that the court was not fully sustained by the evidence. The circuit court committed no error, therefore, in directing a

verdict for plaintiff, in the absence of a request on the part of the defendant to submit that question to the jury. Finding no error in the record, the judgment of the circuit court and order denying a new trial are affirmed.