## HIRSCH V. SCHLENKER.

Plaintiff's husband conveyed land to her, and a few days thereafter negotiated a sale thereof to defendant. In an action by plaintiff for a balance of the price, defendant testified that the husband had said that he was the owner of the land, which he had "turned over" to his wife, to preclude a seizure thereof by creditors. Several witnesses testified that defendant had admitted owing the balance to plaintiff. Defendant denied or explained such testimony. The draftsman of the deed testified that plaintiff, when she executed the deed, told her husband to deliver the deed to defendant, and bring back the price. Both parties requested a direction of the verdict. *Held*, that a direction of a verdict for plaintiff was sustained by the evidence.

(Opinion filed November 18, 1898.)

Appeal from circuit court, Hutchinson county. Hon. E. G. SMITH, Judge.

Action by Graddy Hirsch against Adam Schlenker to recover the balance due upon a contract. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts are stated in the opinion.

*French & Orvis,* for appellant.

*Wellington Brown,* for respondent.

HANEY, J. Plaintiff's husband and defendant were copartners, each owning an undivided half interest in certain realty which was occupied by the firm. Hirsh conveyed his

interest to plaintiff, January 8, 1896. The co-partnership was
dissolved by mutual consent, January 14, 1896, when defendant
assumed the debts of the firm, and agreed to pay Hirsh $200
upon the delivery to him of a deed from plaintiff conveying an
undivided half interest in the realty. Hirsch delivered the deed
from his wife to defendant, who paid him $109, leaving a bal-
ance of $91. Hirsch died August 25, 1896. This action was
subsequently instituted by the wife to recover the balance. At
the close of the trial, plaintiff moved the court "to instruct the
jury to return a verdict for the plaintiff, in this action, for the
sum of $90, that being the amount asked for in the complaint,
with interest thereon since the 14th day of January, 1896 for
the reason that the evidence shows conclusively that there is
this balance due the plaintiff on the purchase price of the lot
in question." And defendant moved the court "to direct a ver-
dict in favor of the defendant, for the reason that all the ev-
idence in the case shows that Adam Schlenker is indebted to
the estate of Philip Hirsch, who is dead in the sum of $91, and
is not indebted to the plaintiff in this case in any sum what-
ever, and never has been, and there is absolutely no question
of agency in the case." Plaintiff's ·motion was sustained, a
judgment was rendered in her favor, and defendant appealed.

Does the evidence show that defendant owes plaintiff $90,
or does it show that he owes that amount to the estate of her
husband? is the only question presented by these motions to
the trial court, and the only question involved in the appeal.
Plaintiff contends she sold the land through the agency of her
husband and is entitled to the balance of the purchase price. De-
fendant contends that Hirsch was the real owner; that it was to
Hirsch, not the wife, he promised to pay the $200; and that it is

to Hirsch's estate that he is indebted.   There is no evidence
touching what occurred when the co-partnership was dissolved
except the testimony of the defendant.   It tends to prove that
Hirsch was not acting as his wife's agent.   She was not
present when the settlement was made.   According to defend-
ant's testimony, the husband had been sued when he conveyed
the property to the wife, and told defendant that he "turned
the property over to his wife."   Several witnesses testify to
conversations with defendant wherein they claim he admitted
owing plaintiff the sum sued for.   Defendant denies or explains
each of these conversations.   One witness testifies, in rebuttal,
he drew the deed from plaintiff to defendant, and that
plaintiff, when she executed it, told her husband "to deliver
this deed back to Mr. Schlenker, and bring back the money
for the consideration as named in there,—$500."   This testi-
mony was properly received, and if true, tended strongly to
prove that Hirsch acted as the agent of his wife.   Defendant
knew that the record title was in the wife.   The deed was in
itself *prima facie* evidence of her right to the consideration for
which it was sold.   The trial court was, at least, justified in
concluding that defendant dealt with an undisclosed principal,
who, under the pleadings and proof in this action, was entitled
to the verdict as directed, no attempt having been made by de-
fendant to set off any claims which he might have set off
against the plaintiff's agent.   Comp. Laws § 3995.   The rule
is, when both parties move for the direction of a verdict, and
there is evidence to sustain the verdict as directed, the decis-
ion of the court will not be reversed.   Church v. Foley, 10 S.
D. 74, 71 N. W. 759.   The judgment is affirmed.